# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **LIONEL E. FORD** § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. _____ | |
| § | | |
| **MGM NORTHSTAR, LLC** § | Jury Demanded | |
|     Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Lionel E. Ford ("Ford") files this Original Complaint against MGM Northstar, LLC ("MGM").

## NATURE OF THE ACTION

1. In this action, Ford alleges violation of his rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and Chapter 21 of the Texas Labor Code based upon race, color and retaliation. This action is also brought under 42 U.S.C. 1981 based upon race discrimination and retaliation.

## PARTIES

2. Ford is an African-American male, who resides in Montgomery County, Texas. Ford may be served with any subsequent paper or pleading through the undersigned counsel.

3. MGM is a limited liability company organized under the laws of Texas with is principal place of business in Montgomery, Texas. MGM may be served by serving its registered agent: Gerald R Mace, 1001 West Loop South, Suite 100, Houston, TX 77027.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal and civil rights.

5. This Court has supplemental jurisdiction over Plaintiffs' state statutory causes of action arising out of the same case or controversy as the civil action over which this Court has original jurisdiction. 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 28 U.S.C. §1391 because the acts complained of primarily occurred within the geographical boundaries of the United States District Court for the Southern District of Texas, Houston, Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Ford has exhausted his administrative remedies before filing this lawsuit. On March 25, 2009, Forde filed a Charge with the Equal Employment Opportunities Commission. On September 30, 2015, the EEOC provided him with a Notice of Right to Sue

## FACTS

8. MGM is a fabricator and manufacturer of blended well simulation products for use in oil and gas exploration. MGM is privately held with 100% of the equity owned by Ford's father-in-law Mark Krupicka. MGM's principal office is located at 1296 FM 3083 Rd, Conroe, Texas 77301.

9. Ford began his employment with MGM on or about March 1, 2012 to handle operations in MGM's warehouse. At all relevant times, Ford was MGM's only black employee.

10. Throughout the course of Ford's employment, Ford was subjected to racial

8

comments from other employees.  Because this job constituted his livelihood, Ford ignored these statements and concentrated on doing his job.  Nonetheless, Krupicka, as the owner and primary manager of MGM, allowed an atmosphere where racially offensive statements were not uncommon.

11.  On August 18, 2015, Ford attended a safety meeting for warehouse personnel.  Immediately prior to this meeting, a similar warehouse in the area had caught fire, and several metal drums had exploded sending them rocketing in the air.  Krupicka led the meeting, which was for the ostensive purpose of preventing such explosions at MGM's warehouse.  Ford was the only black person at the meeting.  During this meeting, Krupicka spoke regarding the issue of exploding barrels.  At one point, he stated that such exploding barrels were called "nigger chasers" where he grew up.  Immediately afterwards, he looked at Ford and simply said "no offense".

12.  Ford was caught off guard by Krupicka brazenly racist remarks.  He immediately felt on the spot and out of place as the only black person in the room and the only one Krupicka singled out regarding his comments.  As a result, Ford left the meeting feeling embarrassed and humiliated.

13.  Subsequently on August 19, 2015, Ford attempted to confer with his supervisors regarding Krupicka comments.  Two supervisors were present at the meeting and agreed that Krupicka's statements were racist and entirely inappropriate.  However they warned Ford that Krupicka had a temper, tended to do whatever he wanted, and that Krupicka would not likely listen to Ford's complaints.

14.  Despite these warnings and because Krupicka was his father in law, Ford

broached the subject of Krupicka's language with him. Krupicka claimed that "it was just a word" and that Ford should simply get over it. When Ford indicated that Krupicka's language had genuinely offended him and was considered by other employees to be out of place for work time communications, Krupicka fired him on the spot. Worse yet, Ford and his wife, Krupicka's daughter, and their young child, were currently renting a home located on MGM's property. Ford returned home one day to find a hangman's noose hanging from his basketball goal.

15. Since MGM's termination of Ford's employment, Ford has been unable to find new employment.

## CAUSES OF ACTION

### Cause of Action 1--Hostile Work Environment Discrimination Under Title VII of the Civil Rights Act of 1964

16. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

17. MGM has an obligation under the law to assure an environment free from harassment on the basis of race.

18. MGM, as alleged herein, knowingly created and/or maintained a hostile work environment on the basis of race. MGM, by and through their its managers, directors and vice principals, either knew about the hostile work environment and failed to take remedial action or themselves created a hostile work environment based on race.

19. As a result of the hostile work environment as described herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to a racially hostile work environment. On information and belief MGM maintained such a racially

hostile work environment, knowing that it would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

20. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights to work in an environment free from racial hostility. MGM has acted, and continues to act, with a reckless disregard of their obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

21. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

### Cause of Action 2--Retaliation
### Under Title VII of the Civil Rights Act of 1964

22. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

23. MGM retaliated against Ford, while he was employed at MGM, for participating in protected or opposition activity. Specifically, MGM terminated Ford's employment for making a complaint regarding racially offensive remarks made at MGM.

24. As a result of the retaliation as described herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to retaliation because of his complaints of discrimination and harassment. Ford is informed and believes that MGM retaliated against him knowing that such retaliation would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

25. Because of the MGM's wrongful acts as alleged herein, Ford has incurred economic losses. Plaintiffs therefore seek an award of back pay and front pay, and according to proof at the time of trial.

26. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights. MGM has acted, and continues to act, with a reckless disregard of its obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

27. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

**Cause of Action 3-- Discrimination in Violation of 42 U.S.C. § 1981**

28. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

29. Ford provided services to MGM pursuant to contract..

30. MGM discharged Ford, or otherwise to discriminated against him with respect to his compensation, the terms, conditions, or privileges of employment, because of Ford's race.

31. As a result of the retaliation as described herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to retaliation because of his complaints of discrimination and harassment. Ford is informed and believes that MGM retaliated against him knowing that such retaliation would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

32. Because of the MGM's wrongful acts as alleged herein, Ford has incurred economic losses. Plaintiffs therefore seek an award of back pay and front pay, and according to proof at the time of trial.

33. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights. MGM has acted, and continues to act, with a reckless disregard of its obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

34. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

### Cause of Action 4-- Retaliation in Violation of 42 U.S.C. § 1981

35. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

36. Ford provided services to MGM pursuant to a contract.

37. MGM retaliated against Ford, while he was employed at MGM, for participating in protected or opposition activity. Specifically, MGM terminated Ford's employment for making a complaint regarding racially offensive remarks made at MGM.

38. As a result of the retaliation as described herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to retaliation because of his complaints of discrimination and harassment. Ford is informed and believes that MGM retaliated against him knowing that such retaliation would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

39. Because of the MGM's wrongful acts as alleged herein, Ford has incurred economic losses. Plaintiffs therefore seek an award of back pay and front pay, and according to proof at the time of trial.

40. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights. MGM has acted, and continues to act, with a reckless disregard of its obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

41. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

**Cause of Action 5-- Race Discrimination (Texas Labor Code Section 21.051)**

42. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

43. This is an action for damages arising out of racial discrimination in employment. At all times relevant herein, Plaintiffs' job performance was always satisfactory or better.

44. MGM discriminated against Ford because of his race by subjecting him to racially offensive statements and acts that similarly situated employees of different races were not.

45. As a result of the discrimination set forth herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to retaliation because of his complaints of discrimination and harassment. Ford is informed and believes that MGM retaliated against him knowing that such retaliation would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

46. Because of the MGM's wrongful acts as alleged herein, Ford has incurred economic losses. Plaintiffs therefore seek an award of back pay and front pay, and according to proof at the time of trial.

47. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights. MGM has acted, and continues to act, with a reckless disregard of its obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

48. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

### Cause of Action 6-- Race Discrimination - Hostile Work Environment
### (Texas Labor Code Section 21.051)

49. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

50. This is an action for damages arising out of racial harassment in employment.

51. MGM has an obligation under the law to assure and environment free from harassment on the basis of race.

52. MGM, as alleged herein, knowingly created and/or maintained a hostile work environment on the basis of race. MGM, by and through its managers, directors and vice principals, either knew about the hostile work environment and failed to take remedial action, or themselves created a hostile work environment based on race.

53. As a result of MGM's hostile work environment set forth herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to

8

retaliation because of his complaints of discrimination and harassment. Ford is informed and believes that MGM retaliated against him knowing that such retaliation would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

54. Because of the MGM's wrongful acts as alleged herein, Ford has incurred economic losses. Plaintiffs therefore seek an award of back pay and front pay, and according to proof at the time of trial.

55. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights. MGM has acted, and continues to act, with a reckless disregard of its obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

56. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

**Cause of Action 7-- Retaliation in Violation of Texas Labor Code Section 21.051**

57. Ford incorporates each of the allegations contained in Paragraphs 1-15 as if fully set forth herein.

58. MGM retaliated against Ford, while he was employed at MGM, for participating in protected or opposition activity. Specifically, MGM terminated Ford's employment for making a complaint regarding racially offensive remarks made at MGM.

59. As a result of the retaliation as described herein, Ford has been held up to great derision and embarrassment by his fellow coworkers, friends, and members of the community. Ford has suffered emotional distress because MGM has subjected him to retaliation because of

his complaints of discrimination and harassment. Ford is informed and believes that MGM retaliated against him knowing that such retaliation would cause severe emotional distress. Ford therefore seek damages for such emotional distress in an amount to be proved at the time of trial.

60. Because of the MGM's wrongful acts as alleged herein, Ford has incurred economic losses. Plaintiffs therefore seek an award of back pay and front pay, and according to proof at the time of trial.

61. In doing the acts set forth above, MGM acted intentionally, and with a conscious disregard of Ford's rights. MGM has acted, and continues to act, with a reckless disregard of its obligations under the law. MGM's conduct, as alleged herein, was and is despicable, malicious and oppressive. Ford is therefore entitled to an award of punitive damages in an amount to be proven at the time of trial.

62. In bringing this action, Ford has been required to retain the services of counsel and they are, therefore, entitled to an award of attorney fees.

## Jury Demand

63. Ford demands a trial by jury.

## Conditions Precedent

64. All conditions precedent to Ford's recovery as requested herein have occurred, been performed, or were waived.

## Conclusion and Prayer

65. Based on the foregoing, Plaintiff Lionel Ford requests that the court cite the Defendant MGM Northstar, LLC to appear and answer this Original Complaint, and that upon trial of this matter that the court enter judgment in his favor and against the Defendant for the following:

a. Back pay, including loss of wages and benefits, and interest on back pay;

b. Front pay, including loss of wages and benefits;

c. Compensatory damages arising from the physical and emotional injury, pain, suffering, loss of reputation and humiliation plaintiff suffered as a result of defendant's misconduct;

d. Exemplary damages as allowed by law;

e. Injunctive relief of an affirmative nature, providing make whole economic relief and reinstatement;

f. Prejudgment interest as allowed by law;

g. Post-judgment interest as allowed by law;

h. Attorney's fees;

i. Court costs; and

j. All other relief, legal or equitable, to which he is justly entitled.

Respectfully submitted,

By: /s/ M. Kevin Powers
M. Kevin Powers--*Attorney in Charge*
State Bar No. 24041715
5900 Memorial Drive, Suite 305
Houston, TX 77007
(713) 621-0700 (tel)
(713) 621-0709 (fax)
kevin@porterpowers.com

**COUNSEL FOR LIONEL E. FORD**

**OF COUNSEL:**
**PORTER & POWERS, PLLC**
5900 Memorial Drive, Suite 305
Houston, TX 77007
(713) 621-0700 (tel)
(713) 621-0709 (fax)

8