Case 4:15-cv-03615 Document 18 Filed on 03/31/17 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIONEL E. FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3615 |
| | § | |
| MGM NORTHSTAR, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant's Motion for Involuntary Dismissal (Doc. 13). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED.**

### I. Case Background

Plaintiff filed this action on December 14, 2015, seeking redress under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964,[2] and the Texas Commission on Human Rights Act[3] for employment discrimination based upon race, color, and retaliation.[4]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 11, Ord. Dated Oct. 31, 2016.

[2] See 42 U.S.C. §§ 2000e-2000e-17.

[3] See Tex. Lab. Code §§ 21.001-21.556.

[4] See Doc. 1, Pl.'s Orig. Compl. p. 1.

A.  **Factual Background**

Plaintiff, an African-American, alleged that during his employment with Defendant, other employees subjected him to racial comments.[5] On August 18, 2015, Plaintiff attended a safety meeting along with a number of Defendant's other warehouse employees.[6] Plaintiff was the only African-American at that meeting.[7] Defendant's owner, Mark Krupicka, spoke at the meeting about measures that were to be taken to prevent fires in light of a recent fire in a nearby warehouse facility.[8] During a discussion about exploding barrels, Krupicka referred to those barrels as "n----r chasers," with an aside directed to Plaintiff of "no offense."[9]

Plaintiff later complained to his supervisors about the offensive comment.[10] The supervisors agreed that the statement was racist but warned Plaintiff that Krupicka had a bad temper and that Krupicka most likely would not welcome criticism over that statement.[11]

---

[5]  See id. pp. 2-3.

[6]  Id. p. 3.

[7]  Id.

[8]  Id. Krupicka is also Plaintiff's father-in-law. See id.

[9]  Id.

[10] Id.

[11] Id.

Plaintiff confronted Krupicka about the offensive statement.[12] Krupicka told Plaintiff that "it was just a word," and when Plaintiff persisted in objecting to the comment, Krupicka fired him.[13] After he was terminated, Plaintiff and his family, who rented a home on Defendant's property, discovered a hangman's noose hanging from their basketball goal.[14]

**B.  Procedural Background**

Plaintiff filed this suit on December 14, 2015,[15] and the court entered a scheduling order on April 20, 2016.[16] Per the order, discovery ended November 30, 2016.[17]

On February 2, 2016, Plaintiff served on Defendant his required initial disclosures in which he identified certain documents that would be voluntarily produced under Federal Rule of Civil Procedure 26(a)(1)(A)(ii).[18] Defendant maintains that Plaintiff did not produce these documents.[19] Defendant argues that in June 2016, it served Plaintiff with requests for production, but Plaintiff did not respond, even after Defendant notified his then-

---

[12]  Id. p. 4.

[13]  Id.

[14]  Id.

[15]  See Doc. 1, Pl.'s Orig. Compl.

[16]  See Doc. 8, Scheduling Ord.

[17]  See id.

[18]  See Doc. 13, Def.'s Mot. to Dismiss p. 3.

[19]  See id.

counsel of the lack of production.[20]  According to Defendant, when it twice requested dates on which Plaintiff's deposition could be taken, those requests went unanswered.[21]

On August 16, 2016, the court allowed Plaintiff's attorney to withdraw from this case, rendering Plaintiff pro se.[22]  Plaintiff never responded to this order.[23]  The withdrawal order advised Plaintiff that, "he must strictly adhere to all of the deadlines and rules of procedure."[24]

On September 30, 2016, and October 12, 2016, Defendant's counsel sent letters to Plaintiff concerning outstanding discovery issues and requesting that Plaintiff appear for his deposition.[25] These letters, sent to the address that Plaintiff's then-counsel had previously provided to the court, did not receive any reply.[26] Correspondence mailed to Plaintiff at this address was consistently returned.[27]

---

[20]     See Doc. 13, Def.'s Mot. to Dismiss p. 3.

[21]     See Doc. 13-1, Exhibit A to Def.'s Mot. For Involuntary Dismissal, Email from R. Tate Young to Rhonda Moore-Konieczny Dated Oct. 26, 2016.

[22]     See Doc. 10, Ord. Granting Mot. To Withdraw as Attorney.

[23]     See Doc. 13, Def.'s Mot. to Dismiss p. 3.

[24]     Doc. 10, Ord. Granting Mot. To Withdraw as Attorney.

[25]     See Doc. 13-1, Exhibit A to Def.'s Mot. For Involuntary Dismissal, Letters from R. Tate Young to Pl. Dated Sept. 30, 2016, and Oct. 12, 2016.

[26]     See Doc. 13, Def.'s Mot. to Dismiss p. 3.

[27]     See id.

Defendant's counsel represents that upon obtaining Plaintiff's phone number on October 25, 2016, he called Plaintiff; Plaintiff refused to provide his correct address and shortly hung up the phone.[28]  Despite subsequent efforts of Defendant's counsel to contact Plaintiff via this number, Plaintiff never returned any calls, and, a few days later, Defendant's counsel discovered that the number had been disconnected.[29]

On December 5, 2016, Plaintiff called Defendant's counsel to discuss an incident unrelated to his case.[30] Although Plaintiff did provide his email address and cell phone number during this call, he refused to supply his current mailing address and abruptly hung up, despite Defendant's counsel's informing him of his obligation to provide written notice of his address to the court and the defense counsel.[31]  The defense counsel called again and left a voice message for Plaintiff before emailing him to request that he return the call by the close of business, December 7, 2016.[32] Defendant alleges that  Plaintiff did not respond to these efforts to reach him.[33]

---

[28]     See id. p. 4.

[29]     See id.

[30]     See id.

[31]     See id.

[32]     See Doc. 13-3, Exhibit C to Def.'s Mot. For Involuntary Dismissal, Email from R. Tate Young to Pl. Dated Dec. 5, 2016.

[33]     See Doc. 13, Def.'s Mot. to Dismiss p. 3.

The court set a hearing for February 22, 2016, notifying Plaintiff of the setting one week prior to the scheduled date.[34] This notice was automatically sent to Plaintiff via regular mail.[35] The court also emailed it.[36] Despite the court's efforts to notify him, Plaintiff did not appear at the hearing.[37] The minute entry order from this hearing was also automatically sent to Plaintiff via regular mail.[38] The court also emailed it.[39] Mailing of this order was returned undeliverable on February 27, 2017.[40]

## II.  Legal Standard

The federal rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte. Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at * 3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished).  The court's

---

[34]  See Doc. 15, Notice of Setting Hr'g.

[35]  See id.

[36]  See Docket Entry Dated Feb. 15, 2017.

[37]  See Doc. 16, Min. Entry Ord.

[38]  See id.

[39]  See Docket Entry Dated Feb. 22, 2017.

[40]  See Doc. 17, Notice of Mail Returned Undeliverable.

authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases." Id. at 1191 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

### III. Analysis

Since the filing of his original complaint, Plaintiff has failed to take any steps to move forward with prosecution of this action and has displayed an apparent disregard for the court's deadlines and rules of procedure.  Plaintiff has not responded to any requests for discovery, has refused to make himself available for a deposition, and has even neglected to provide the court with a current mailing address, despite the defense counsel's numerous requests for information and attempts to engage him in the prosecution of a case that he, himself, filed.  Plaintiff has evidently lost all interest in this case, as he has failed to communicate at all with Defendant's counsel except for the brief phone call of December 5, 2016, during which Plaintiff attempted to discuss an unrelated incident, refused to provide his address, and hung up.

Federal Rule of Civil Procedure 41(b) stipulates that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  At present, more than eight months have passed since Plaintiff's attorney withdrew, rendering him pro se.  Since

that time, Plaintiff has altogether disengaged from the prosecution of this case. Accordingly, the court finds grounds for the dismissal of Plaitiff's complaint.

## IV. Conclusion

Based on the foregoing, the court concludes that Plaintiff has failed to prosecute this action. It therefore **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st day of March, 2017.

Nancy K. Johnson
United States Magistrate Judge